**In re Ralph T. BRADLEY, Judy Ann Bradley, Debtors.**

**Ralph T. BRADLEY, et ux., Plaintiffs,**

v.

**UNITED STATES of America, acting By and Through the FARMERS HOME ADMINISTRATION, U.S. DEPARTMENT OF AGRICULTURE, Defendant.**

Bankruptcy No. 7–87–00135.

Adv. No. 7–87–0036.

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

June 26, 1987.

Daniel R. Bieger, Copeland, Molinary & Bieger, Abingdon, Va., for debtors.

Kenneth M. Sorenson, Jerry W. Kilgore, Asst. U.S. Attys., Roanoke, Va., for defendant.

Jo S. Widener, Bristol, Va., Trustee.

MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The issue before the Court is whether the Debtors may retain their real property, which is their residence, subject to foreclosure proceedings under a Deed of Trust of the Defendant prior to the filing of their Chapter 13 petition.

The facts stipulated by the parties are as follows: On September 10, 1981, the Debt-

---

ors executed a promissory note, in the amount of $42,570.00, to the Farmers Home Administration (FmHA) evidencing their obligation for monies borrowed to fund the purchase of their principal residence. They also executed a Deed of Trust securing the loan. Over the term of their obligation to FmHA, the Debtors became substantially in arrears. FmHA instituted foreclosure proceedings against the Debtors' property and on January 26, 1987, the indenture trustee conducted sale. A Memorandum of Sale was not prepared by the Trustee. No deed was delivered or executed by the Debtors to the FmHA, the successful bidder. On January 29, 1987, the Debtors filed their Chapter 13 petition in this Court.

The question simply put is whether the foregoing facts sufficiently removes this property from the Debtors' estate. Under the law of Virginia, FmHA, as a matter of state law, did not finalize the foreclosure sale prior to the date the bankruptcy petition was filed. *In re Rolen*, 39 B.R. 260, 264 (Bankr.W.D.Va.1983); *See In re Chitwood*, 54 B.R. 396 (Bankr.W.D.Va.1985); *Feldman v. Rucker*, 201 Va. 11, 109 S.E.2d 379 (1959); *Powell v. Adams*, 179 Va. 170, 18 S.E.2d 261 (1942). The Memorandum of Sale was not prepared and signed by the trustee prior to the filing of the petition. *Id.* More importantly, the trustee did not make and record a deed evidencing the sale prior to the filing of the petition by the Debtors. *In re Rolen* at 264. Therefore, even under the laws of Virginia the sale was not finalized and the Debtors retained an interest in the property when they filed their Chapter 13 petition on January 29, 1987. This interest is protected by the stay of 11 U.S.C. § 362 that became operative at the time the petition was filed.

Under federal law, which must be considered, the legal or equitable interest the Debtors had in the property on the day the petition was filed became property of the estate. 11 U.S.C. § 541(a). Subsection 541(a) provides:

(a) The commencement of a case under Sections 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, *all legal or equitable interests* of the debtor in property as of the commencement of the case. (emphasis added)

Because the Debtors were not divested of their interest in the real estate at the time the petition was filed, the property became property of the estate. Under 11 U.S.C. § 1322(b)(3), the Chapter 13 plan may provide for preserving this property and curing the default in payments to FmHA on this property of the estate.

In the consideration of Chapter 13 cases, it must be remembered that this is a rehabilitative statute, which must be liberally construed in debtors' favor, to carry out the intent of Congress that these financially distressed debtors shall have an opportunity to restructure their financial problems. Therefore, the federal law should apply where that aim will be promoted. *See In re Taddeo*, 685 F.2d 24, 6 C.B.C.2d 1201, 9 B.C.D. 556 (2d Cir.1982); *In re Thompson*, 17 B.R. 748 (Bankr.W.D.Mich.1982); *In re Davis*, 15 B.R. 22 (Bankr.D.Kan.1981), *aff'd*, 16 B.R. 473 (D.Kan.1981); *In re Thacker*, 6 B.R. 861 (Bankr.W.D.Va.1980).

In summary, the foreclosure sale was not finalized even under the law of Virginia which does not necessarily govern decisions in these cases and the interest the Debtors retained at the time the petition was filed was property of the estate protected by federal law. An appropriate Order shall be entered permitting the Debtors to provide for payments to the FmHA under their Chapter 13 plan.