Harriet **FEIGENBAUM**, Plaintiff,

v.

**MARBLE OF AMERICA, INC.,** Robert Cradock and William Prater, Defendants.

No. 89 Civ. 0271 (PKL).

United States District Court, S.D. New York.

Oct. 27, 1989.

Steckler, Hoffman & Steckler, New York City (Barbara Hoffman, of counsel), for plaintiff.

Brackman, Hille and Freed, P.C., St. Louis, Mo. (Robert J. Hille, of counsel), for defendants.

## ORDER & OPINION

LEISURE, District Judge:

Plaintiff Harriet Feigenbaum ("Feigenbaum") brought this action against Marble of America, Inc. ("Marble"), Robert Cradock ("Cradock") and William Prater ("Prater")[1] for breach of contract and fraud. Defendants have moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and for failure to plead fraud with particularity pursuant to Fed.R.Civ.P. 9(b).

## BACKGROUND

In the summer of 1988, plaintiff was awarded a commission for the design, fabrication and installation of a Memorial to the Victims of the Injustice of the Holocaust (the "Memorial"). The sculpture was to be installed at the Appellate Division Courthouse in the City of New York. The Memorial designed by Feigenbaum was approved by the Art Commission of the City of New York on July 11, 1988 (the "approved design").

Plaintiff contacted defendant Marble in Sylacauga, Alabama, in an effort to obtain Alabama Madre Marble, the type of marble used in the original courthouse design. Plaintiff sent copies of the approved design to Marble in order to solicit a bid. During the course of contract negotiations, plaintiff asserts that defendants made certain false representations in order to induce plaintiff to enter into the contract. For example, defendants allegedly represented that they would do field measurements of the site in New York; that they had the skill to fabricate the Memorial in accordance with the approved design; that they could comply with the insurance requirements; and that Feigenbaum would be able to select the specific blocks of marble most suitable to the project. Plaintiff inspected the stone at Marble's Alabama plant, indicating her choice of marble for the project.

Thereafter, a contract was entered into between the parties. Plaintiff asserts that the contract price, exclusive of insurance, was $48,841.08. Feigenbaum allegedly paid $24,420.54 as a deposit. On December 20, 1988, plaintiff rescinded the contract with Marble, alleging that defendants had breached the agreement. On or about January 11, 1989, plaintiff filed this action.

## DISCUSSION

*Personal Jurisdiction*

In deciding whether to dismiss plaintiff's complaint for lack of personal jurisdiction over defendants, the pleadings are to be construed in the light most favorable to the plaintiff. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). Although Feigenbaum ultimately bears the burden of establishing by a preponderance of the evidence this Court's jurisdiction over defendants, *see Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981), plaintiff at this juncture need merely make a *prima facie* showing of personal jurisdiction given that no evidentiary hearing has been held. *See Welinsky v. Resort of the World D.N.V.*, 839 F.2d 928, 930 (2d Cir.1988); *CutCo Industries v.*

**1.** Defendant Robert Cradock is the Marketing Director and Secretary of Marble of America, residing in Missouri. Defendant William Prater is the President of Marble of America, residing in Alabama.

*Naughton,* 806 F.2d 361, 364–65 (2d Cir. 1986).

Subject matter jurisdiction over the claims against defendants is based on diversity of citizenship, 28 U.S.C. § 1332. Therefore, the issue of personal jurisdiction is determined by the law of the forum state, in this case, New York. *See, e.g., Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d Cir.1963). New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302 set forth the bases upon which New York courts may assert jurisdiction over non-resident corporations and individuals. Plaintiff does not contest defendants' assertion that § 301 is inapplicable to the present action. Rather, plaintiff asserts that personal jurisdiction over defendants is authorized by §§ 302(a)(1) and (a)(3) of the New York long-arm statute.

1. *Jurisdiction under Section 302(a)(1)*

Section 302(a)(1) provides in relevant part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, ... who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state;

In the instant case, plaintiff has failed to convince the Court that there is personal jurisdiction under CPLR § 302(a)(1). In determining whether a transaction occurs within § 302(a)(1), the "totality of circumstances" test is appropriate in a case such as this one. *See Sterling National Bank & Trust Co. of New York v. Fidelity Mortgage Investors,* 510 F.2d 870, 873 (2d Cir. 1975). Under this test, the Court looks at the totality of a defendant's contacts with the forum state without regarding any single transaction as the "sovereign talisman" of jurisdiction. *Fiedler v. First City National Bank of Houston,* 807 F.2d 315, 317 (2d Cir.1986) (per curiam).

Plaintiff has made no allegations that defendants regularly do business in the state or engage in any other persistent course of conduct in New York. Nor is there evidence that defendants derive substantial revenue from goods or services rendered in the state or in interstate or international commerce. In examining the facts, the Court notes that Marble did not establish a pattern of commercial dealings in New York as a result of the few telephone calls and two mailings accomplished to finalize the contractual agreement. This Court does not find these acts to be sufficient to satisfy the statutory requirements of § 302(a)(1).

The Courts of this Circuit have consistently declined to assert jurisdiction over a defendant who executes out of state agreements by telephone but does not use " 'the telephonic link to th[e] state as a means of projecting themselves into local commerce.' " *Fiedler, supra,* 807 F.2d at 317 (quoting with approval the district court's opinion). *See Beacon Enterprises, Inc., v. Menzies,* 715 F.2d 757, 766 (2d Cir.1983); *see also Fox v. Boucher,* 794 F.2d 34 (2d Cir.1986). In *Mayes v. Leipziger,* 674 F.2d 178 (2d Cir.1982), the Court refused to find jurisdiction over a California attorney who represented a New York client via telephone calls and letters to the client's New York attorney. The Court found that a nondomiciliary who never entered New York, who was solicited outside of New York to perform services outside of New York, who performed those services and is alleged to have neglected to perform other services outside of New York, is not subject to New York's jurisdiction. *Mayes, supra,* 674 F.2d at 185.

In the instant case, Feigenbaum solicited Marble. The contacts were all by telephone except for Feigenbaum's trip to Marble's Alabama plant. All services were contracted to take place in Alabama and shipped F.O.B. Alabama. Neither Marble nor the other defendants physically entered New York, nor is it clear that they ever agreed to under the terms of the contract.

In *George Reiner & Co., Inc. v. Schwartz,* 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977), the court upheld jurisdiction based on a single contact. The

defendant in that action, a Massachusetts resident, responded to an advertisement in a Boston newspaper placed by the plaintiff, a New York resident. The defendant then physically travelled to New York, purposefully seeking employment, and entered into a continuing relationship with the plaintiff. The court based its decision on the fact that defendant actively solicited the contact within New York State. 41 N.Y.2d at 653, 394 N.Y.S.2d 844, 363 N.E.2d 551. In the case at bar, as stated above, defendants did not in any way actively seek commercial contacts within New York.

In *Dero Enterprises, Inc. v. Georgia Girl Fashions, Inc.*, 598 F.Supp. 318 (S.D. N.Y.1984), the parties maintained a business relationship and communicated solely by mail and by telephone. This Court found that jurisdiction was lacking primarily because of the defendant's absence from New York. The Court stated that "[t]hese actions do not rise to the level of purposeful activity in New York that is required to confer personal jurisdiction under § 302(a)(1)." *Dero Enterprises, supra,* 598 F.Supp. at 321–22 (*citing Mayes v. Leipziger, supra,* 674 F.2d at 184–85). In the instant case, the Court cannot consider two telephone calls and a mailing doing business " 'not occasionally or casually, but with a fair measure of permanence and continuity.' " *Dero Enterprises, supra,* 598 F.Supp. at 321 (*quoting Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)). *See also Liquid Carriers Corp. v. American Marine Corp.,* 375 F.2d 951, 953 (2d Cir.1967). In view of these facts, this Court cannot justify exercising jurisdiction over an Alabama defendant that did not physically enter New York.

### 2. *Jurisdiction under 302(a)(3)*

Plaintiff also argues that the Court has jurisdiction under CPLR § 302(a)(3). The relevant portions read:

(a) Acts which are the basis of jurisdiction. As to the cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, ... who in person or through an agent ...

3. commits a tortious act without the state causing injury to person or property within the state ... if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;

The threshold test under this section requires a tortious act committed outside the state and an injury to the plaintiff within the state. It must also be shown that the defendant regularly does business in or derives substantial revenue from New York, under § 302(a)(3)(i); or that the consequences of the defendant's activities in New York were foreseeable and that the defendant derives substantial revenue from interstate or international commerce, under § 302(a)(3)(ii).

As is set forth above, in the discussion pertaining to § 302(a)(1), there are no indications that defendants meet any of the requirements set forth in §§ 302(a)(3)(i) or (ii). Plaintiff does not allege that defendants derive substantial revenue from interstate or international commerce, nor does plaintiff show that defendants regularly do business in New York. Plaintiff attempts to persuade the Court that jurisdiction can be found pursuant to § 302(a)(3), based on the independent tort of fraudulent misrepresentation. The Courts have held that misrepresentation resulting in commercial harm is a tortious act within the meaning of the statute. *See, e.g., Hargrave v. Oki Nursery, Inc.,* 636 F.2d 897, 899 (2d Cir.1980). However, since defendants do not meet the other requirements set forth in §§ 302(a)(3)(i) or (ii), this Court need not go beyond the threshold question.

Accordingly, plaintiff has failed to make a *prima facie* showing of personal jurisdiction under § 302(a)(1), § 302(a)(3)(i) or § 302(a)(3)(ii). Thus defendants' motion

under Rule 12(b)(2) is granted. Additionally, defendants have moved to dismiss plaintiff's cause of action for failure to plead fraud with sufficient particularity under Rule 9(b) and for failure to state a claim, pursuant to Rule 12(b)(6). Since the Court is dismissing this action for lack of personal jurisdiction, it need not reach defendants' additional arguments under Fed.R. Civ.P. 9(b) or 12(b)(6).

### CONCLUSION

Defendants' motion to dismiss the case for lack of personal jurisdiction is granted.

SO ORDERED.