724 F.Supp. 264 (1989)
ARROW ELECTRONICS, INC., Plaintiff,
v.
DUCOMMUN INCORPORATED, Defendant.
No. 89 Civ. 0058 (PKL).
United States District Court, S.D. New York.
November 15, 1989.
Winthrop, Stimpson, Putnam & Roberts, New York City (Stephen A. Weiner, Susan J. Kohlmann, of counsel), for plaintiff.
Meister Leventhal & Slade, New York City (Ronald W. Meister, Edward Shakin, of counsel), for defendant.

ORDER & OPINION
LEISURE, District Judge,
This is a diversity contract action arising out of the sale of certain of defendant's assets to plaintiff. Defendant has come *265 before the Court requesting a transfer of venue pursuant to 28 U.S.C. § 1404(a).

BACKGROUND
Arrow Electronics, Inc. ("Arrow"), plaintiff in this action, is one of the world's largest distributors of electronic components with 1988 sales in excess of $1 billion. Ducommun Incorporated ("Ducommun"), defendant herein, is a manufacturer of airplane components and assemblies with 1988 sales of approximately $60 million. Arrow is headquartered in New York but has substantial facilities elsewhere, including California. Ducommun is headquartered in California with all or most of its facilities located in that state. On September 20, 1987, Arrow and Ducommun entered into an agreement whereby Arrow would purchase three Ducommun subsidiaries ("subsidiaries"). The two largest of these subsidiaries are located in California. The third is located in New York.
Shortly after the sale was arranged, a dispute arose about the value of the assets transferred. Arrow claims that Ducommun overvalued the three subsidiaries by some $4.5 million. After attempting to resolve this dispute through negotiation, Arrow brought this action. The action reduces itself to an accounting dispute about the valuation of the subsidiaries at the time of sale.
The case was brought by Arrow in this District. Ducommun now moves to have the action transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a), arguing that such a transfer is necessary for the convenience of the parties and witnesses, improved access to the proof in the case, and in the interest of justice.

DISCUSSION
Either party in an action brought in federal district court may move to have it transferred to another federal district court where the action could have been brought originally. Such motions for transfer of venue are made pursuant to 28 U.S.C. § 1404(a), which provides:
For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
A motion to transfer pursuant to this section rests with the sound discretion of the Court. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir.1989); Golconda Mining Corp. v. Herlands, 365 F.2d 856, 857 (2d Cir.1966). The party requesting transfer "bears the burden of establishing, by a clear and convincing showing, the propriety of transfer." Morales v. Navieras De Puerto Rico, 713 F.Supp. 711, 712 (S.D.N. Y.1989). See also Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir.1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); Feigenbaum v. Marble of America, Inc., 1989 WL 131922, 1989 U.S. Dist. LEXIS 6455, 5 (S.D.N.Y.1989); Motown Record Corp. v. Mary Jane Girls, Inc., 660 F.Supp. 174, 175 (S.D.N.Y.1987), quoting CT Chemicals (USA), Inc. v. Horizons International Inc., 106 F.R.D. 518, 521 (S.D.N.Y.1985). A number of factors are relevant to a court's determination of a transfer motion, among which are the convenience of the parties, the ease of access to the sources of proof, the susceptibility of the witnesses to process, and the interests of justice. Nieves v. American Airlines, 700 F.Supp. 769 (S.D.N.Y.1988). In most cases, the convenience of the party and non-party witnesses is the most important factor in the decision whether to grant a motion for transfer. Id. at 772. See also Saminsky v. Occidental Petroleum Corp., 373 F.Supp. 257, 259 (S.D.N.Y.1974). Plaintiff's choice of forum is also important in the Court's determination of a transfer motion. Zangiacomi v. Saunders, 714 F.Supp. 658, 660 (S.D.N.Y.1989); Miller v. County of Passaic, New Jersey, 699 F.Supp. 409, 411 (E.D.N.Y.1988). Only where the facts of the action bear little connection to the chosen forum is plaintiff's choice given reduced significance. Feigenbaum, 1989 WL 131922, 1989 U.S. Dist. LEXIS 6455, 6.
The threshold question in a transfer motion is whether the action could have been brought in the district to which transfer is proposed. Wright, Miller & Cooper, *266 Federal Practice and Procedure § 3845. The issue is whether venue would be proper in the transferee court under 28 U.S.C. § 1391. In a diversity action, venue is proper in the judicial district(s) where all defendants reside, where all plaintiffs reside, or where the claim arose. 28 U.S.C. § 1391(a). Defendant resides in the Central District of California, and thus venue would be proper in the proposed transferee court.
Defendant has presented the Court with a myriad of reasons why this case should be transferred. First, defendant argues that the convenience of the parties is better served by the transfer. To support this argument, defendant points out that it is located solely in California and that plaintiff has a presence in both New York and California. This is unconvincing, particularly in light of the fact that plaintiff's headquarters are located in New York State. If the foreign location of defendants were viewed as a critical factor in transfer decisions, plaintiff's forum choice would have little meaning. Defendant further argues that transfer is appropriate because plaintiff has far greater financial size and capacity and thus should be the party to bear the cost of a suit in a distant forum. It is true that a court can consider the relative means of the parties in reaching a decision on a motion for transfer. Goldstein v. Rusco Industries, Inc., 351 F.Supp. 1314, 1318 (E.D.N.Y.1972). However, Goldstein involved an individual plaintiff suing a large corporation. No such dramatic disparity in means exists here. While plaintiff is a substantially larger corporation, defendant has made no showing that defending this action in this District would be unduly burdensome. Defendant's argument reduces to a desire to shift the cost of pursuing a distant action to plaintiff. It is elemental that a mere shifting of inconveniences is not grounds for transfer. Finkielstain v. Seidel, 692 F.Supp. 1497, 1509-10 (S.D.N.Y.1988), aff'd in part, rev'd in part, 857 F.2d 893 (2d Cir.1988).
Defendant further argues that the proof in this case is more accessible in California. Defendant appears to base this argument on a substantial document request made by plaintiff. These documents would have to be transported to New York, increasing discovery costs. However, plaintiff indicates, and defendant does not deny, that defendant will also make a substantial document request for materials located in New York. If this action is transferred, it would be plaintiff who would be forced to transport its documents. This exchange of burdens does not justify transfer.
The most substantial argument defendant presents in behalf of its motion for transfer is that a transfer to California would be in the interest of the convenience of the witnesses. As a part of this argument, defendant claims that certain essential non-party witnesses are not subject to process in this District, but would be so subject in the Central District of California. In particular, defendant indicates that the accountants who certified the disputed asset statements of the subsidiaries are located in California. The firm which certified those statements and for which the accountants still apparently work, is no longer employed by defendant and thus is not under defendant's control. Plaintiff has not named any witnesses as significant as defendant's accountants who are subject to process in this District, but not in California.
The availability of process to compel the testimony of important witnesses is an important consideration in transfer motions. Designs By Glory v. Manhattan Creative Jewelers, 657 F.Supp. 1257, 1258-59 (S.D.N.Y.1987); Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967). The Court has no doubt that the California accountants are crucial to this case. Most of the accountants and their supervisors who prepared the disputed closing balance sheet for the subsidiaries are out of reach of this Court. This fact alone weighs heavily in favor of transfer.
It is not necessary for the Court to rest its decision solely on this one point. Both parties have listed a substantial number of witnesses who will be inconvenienced either *267 by leaving this action in this District or by transferring it to California. The Court has carefully reviewed the witness lists presented by the parties and finds that the balance of convenience weighs in favor of transfer.[1] The officers of the two largest of the subsidiaries are located in California, as are many of defendant's former officers who were involved in the transaction at issue. Plaintiff's list of witnesses who will be inconvenienced by transfer are plaintiff's own officials, employees of the smallest of the three subsidiaries involved in the transfer, plaintiff's accountants involved in the transaction (who still are employed by plaintiff), and a few other individuals involved in the sale of the smallest subsidiary. The Court finds the balance here to be clearly in defendant's favor.
Plaintiff argues that there are factors present in this action which weigh against transfer. First, plaintiff points out that the Registered Agreement of Purchase and Sale between the parties indicated that New York law was to apply to any disputes. Plaintiff argues that this choice of law clause should weigh against transfer. It is true that this Court has considered a choice of law clause in making decisions on transfer. Rolls-Royce Motors, Inc. v. Charles Schmitt & Co., 657 F.Supp. 1040, 1061 (S.D.N.Y.1987). But in none of the cases cited by plaintiff was the choice of law clause given substantial weight, and a number of cases indicate specifically that choice of law should be given only minimal weight. See, e.g., Nat'l Patent Development Corp. v. American Hospital Supply Corp., 616 F.Supp. 114, 116 (S.D.N.Y.1984); Vassallo v. Niedermeyer, 495 F.Supp. 757, 760 (S.D.N.Y.1980).
Plaintiff further argues that the center of this controversy is in New York and thus the case should be tried here. The basis for this argument is plaintiff's assertion that most of the negotiations leading to the purchase and sale agreement occurred in New York. Such location is a crucial factor in deciding venue questions under 28 U.S.C. § 1391, as the location of negotiations can lead to discovery of where the cause of action accrued. But in a motion for transfer, the location of negotiations are not a significant factor as compared to the concern for the convenience of the parties and witnesses. In fact, in this case, the occurrence of some negotiations, a night at the printers and a closing dinner are, for the most part, the only connections to this District. The majority of plaintiff's headquarters staff, the one subsidiary not located in California, the defendant, the accountants who certified the contested closing balance sheet, and the two largest subsidiaries sold to plaintiff are all located outside this District. All this reduces not only the importance of plaintiff's focus on the location of the negotiations and the closing dinner, but also leads the Court to give less weight to the plaintiff's forum choice than if the majority of the operative facts in the case related to this District. See Nieves, 700 F.Supp. at 772.
The Court has carefully weighed all the factors presented to it by the parties. The Court finds that the convenience of party and non-party witnesses, and the fact the certain important non-party witnesses are not subject to process in this District weighs heavily in favor of transfer in this matter, particularly in light of the otherwise substantial connection of this action to the Central District of California.

CONCLUSION
For the reasons stated, defendant's motion pursuant to 28 U.S.C. § 1404(a) is *268 GRANTED, and this action is transferred to the Central District of California.
SO ORDERED
NOTES
[1] Plaintiff objects to defendant's failure to give a substantial synopsis of each proposed witness's testimony, and claims that this failure prejudices defendant's claims regarding witness convenience. A party making a motion to transfer based on the convenience of the witnesses does have an obligation to provide the Court with a list of the witnesses inconvenienced by the current forum and must "make a general statement of what their testimony will cover." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir.1978). Defendant has provided a list of the witnesses inconvenienced, and has given a very general indication of their role in the transaction at issue and thus, by implication, of their testimony. While the Court would have preferred a more elaborate statement of probable testimony, the Court feels able to reach its decision based on the information provided.