**Mario FONTANA, Plaintiff,**

v.

**E.A.R., A DIVISION OF CABOT CORPORATION, INC., Defendant.**

**No. 93 Civ. 7771 (AGS).**

United States District Court, S.D. New York.

March 30, 1994.

Richard J. Katz, New York City, for plaintiff.

Kraver & Levy, New York City, for defendant.

## OPINION AND ORDER

SCHWARTZ, District Judge:

Defendant, E.A.R., a Division of Cabot Corporation,[1] moves pursuant to 28 U.S.C. § 1404(a) to transfer this action to the District of Wyoming or, in the alternative, to the Southern District of Indiana. For the reasons set forth below, defendant's motion is granted and this action is transferred to the District of Wyoming.

## I. FACTS

Plaintiff's "Amended Verified Complaint", filed on or about December 20, 1993 (the

---

1. Defendant, in its moving papers, claims that plaintiff incorrectly named as a defendant "E.A.R., a division of Cabot Corporation" instead of "Cabot Safety Corporation". In deciding this motion, the Court does not need to address this issue.

"Complaint"), alleges that he "resided and still resides" in Toronto, Ontario, Canada. Complaint at ¶ 1. Plaintiff, however, in his reply papers alleges that he is merely a temporary resident of Canada, a United States citizen and that he plans to re-establish his residence in New York in June of this year. Affidavit of Mario Fontana dated February 25, 1994 ("Fontana Affidavit") at 2–3.

Defendant is a Delaware corporation; it maintains its corporate offices in Southbridge, Massachusetts and manufactures, distributes, designs and tests earplugs (including the type of soft foam earplug referenced in the Complaint) in Indianapolis, Indiana for nationwide sales. Affidavit of Mark V.B. Tremallo, Esq. dated February 3, 1994 at ¶¶ 5–6.

Plaintiff alleges that on or before January 3, 1992, he purchased soft foam earplugs, manufactured by the defendant, from Outdoor Sports, 988 West Broadway, Jackson, Wyoming. *See* Complaint at ¶¶ 14–16; Fontana Affidavit at 1–2. Plaintiff further alleges that on January 3, 1992, he went target shooting in Wyoming with his friend, Edmond Mekerteshian, and that the soft foam earplugs failed to provide the proper protection causing severe and permanent injuries. *See* Complaint at 17; Fontana Affidavit at 1–2. The Complaint, while thinly pleaded, sounds in breach of implied and express warranty, negligence and strict products liability.

## II. *DISCUSSION*

■ Defendant moves pursuant to 28 U.S.C. § 1404(a) to transfer this action to the District of Wyoming or, in the alternative, to the Southern District of Indiana. Section 1404(a) provides that:

[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (1993).

■ As a threshold matter, this Court must determine whether the proposed transferee jurisdiction is a proper forum for resolution of this dispute. This action could have been brought in Wyoming in the first instance: (1) the defendant does business in Wyoming and, consequently, is amenable to personal jurisdiction there; and (2) plaintiff alleges that he purchased the soft foam earplugs and was injured in Wyoming and, consequently, venue is appropriate there. *See Viacom Int'l, Inc. v. Melvin Simon Productions, Inc.,* 774 F.Supp. 858, 868 (S.D.N.Y. 1991).

■ In determining whether a case should be transferred under § 1404(a), the Court considers the following factors:

(1) the place where the operative facts occurred; (2) the convenience to parties; (3) the convenience of witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interest of justice.

*Viacom Int'l,* 774 F.Supp. at 867–868 (citations omitted). Balancing these factors is left to the sound discretion of the District Court. *Milgrim Thomajan & Lee P.C. v. NYCAL Corp.,* 775 F.Supp. 117, 122 (S.D.N.Y.1991) (citations omitted). And the moving party must make a clear showing to justify the change of venue. *Id.* (citations omitted).

"The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses." *Viacom Int'l,* 774 F.Supp. at 868 (citations omitted). "Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district." *Id.; see also Arrow Electronics, Inc. v. Ducommun Inc.,* 724 F.Supp. 264, 266 (S.D.N.Y.1989) ("[i]n most cases, the convenience of the party and non-party witnesses is the most important factor in the decision whether to grant a motion for transfer") (citations omitted).

Transfer is appropriate here. Significantly, the purchase of the product allegedly causing the injury, and the alleged injury itself, occurred in Wyoming. As a result, all of the relevant third-party witnesses are in Wyoming and are beyond the subpoena powers of this Court. *See* Fed.R.Civ.P. 45.

These third-party witnesses are not, however, beyond the subpoena power of a Wyoming court. "The availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." *Arrow Electronics*, 724 F.Supp. at 265. Plaintiff's attempt to preclude third-party testimony concerning the purchase of the earplugs—based upon his assertion that "he purchased the earplugs without the assistance of any salesperson and no representations were made to [him] about the earplugs"—at this juncture is improper. Fontana Affidavit at 2. Similarly, Plaintiff's attempt to limit defendant's third-party witnesses to plaintiff's friend, Mr. Mekerteshian, who, according to plaintiff, is the only witness to the target shooting incident that allegedly injured plaintiff, is of no moment. Defendant is entitled to depose and call as trial witnesses individuals who can testify with respect to: (a) the facts surrounding plaintiff's purchase of the earplugs from Outdoors Sport; and (b) the facts surrounding plaintiff's use of the earplugs.

 Moreover, plaintiff's choice of forum should be given little weight because there is no material connection between this action and the Southern District of New York. In fact, the only connections to this district that plaintiff's alleges is (a) his intention to change his residency to New York, (b) his previous and current connections to New York State that are unrelated to this action, (c) the fact that he pursued medical treatment in New York City, (d) his intention to pursue further medical treatment in New York, and (e) his anticipation that all of his experts will be in New York State. *See* Fontana Affidavit. The emphasis that a court places on plaintiff's choice of forum diminishes where, as here, "the facts giving rise to the litigation bear little material connection to the chosen forum". *St. Regis Mohawk Tribe v. State of New York*, 774 F.Supp. 185, 189 (S.D.N.Y.1991); *see also Arrow Electronics*, 724 F.Supp. at 265 (where the facts of the action bear little connection to the chosen forum, "plaintiff's choice is given reduced significance") (citations omitted).

Finally, it is likely that Wyoming law will apply to this action. This is yet another factor favoring transfer of this action to Wyoming. *See Vaughn v. American Basketball Assoc.*, 419 F.Supp. 1274, 1278 (S.D.N.Y. 1976).

### III. CONCLUSION

For the reasons set forth above and in the interests of justice, defendant's motion to transfer this action to Wyoming is granted.

SO ORDERED.