**UNITED STATES of America, Plaintiff,**

v.

**KEN INTERNATIONAL CO., LTD., a Japanese Corporation, Defendant.**

**No. CR–S–93–263–PMP (LRL).**

United States District Court,
D. Nevada.

May 5, 1995.

Eric Johnson, Asst. U.S. Atty., Organized Crime Strike Force, Dan Hollingsworth, Asst. U.S. Atty., Las Vegas, NV, for plaintiff.

Dominic Gentile, Las Vegas, NV, Terrance G. Reed, Washington, DC, for Ken Mizuno.

Craig H. Millet, Gibson, Dunn & Crutcher, Irvine, CA, for Kengo Ohaski as Admin. of the Bankruptcy Estates of Ken Intern. and Ken Mizuno.

## ORDER

PRO, District Judge.

Before the Court is the Petition of Ken Mizuno to Amend the Forfeiture Order of October 27, 1993 and for Other Relief (# 414), and accompanying Memorandum of Points and Authorities in Support of the Petition (# 415), filed December 6, 1994. The Bankruptcy Estates of Ken International Co., Ltd. and Ken Mizuno filed its Memorandum of Points and Authorities in Opposition to Petition of Ken Mizuno to Amend the Forfeiture Order of October 27, 1993 and for Other Relief (# 448) ("Opposition") on March 17, 1995.

Also before the Court is a Motion to Dismiss the Petition of Ken Mizuno (# 449), filed by the United States (the "Government") on March 17, 1995. The Government, through this Motion to Dismiss, also requests a final order as to all forfeited assets not contested in Mizuno's Petition.

Ken Mizuno ("Mizuno") then filed a Motion for Leave to File a Partial Brief in Opposition to the Government's Motion to Dismiss and for Leave to Exceed Page Limitations (# 460) on April 10, 1995.[1] The Government filed its Opposition (# 463) on April 19, 1995.

---

1. After Mizuno filed his Petition (# 414), the Bankruptcy Court of the Central District of California issued an injunction barring Mizuno's counsel from making assertions about Mizuno's property rights. Mizuno now seeks leave of the Court to file a "Partial Brief in Opposition to the

Mizuno submitted to this Court a Partial Brief in Opposition to the Government's Motion to Dismiss on April 10, 1995, a Supplemental Brief in Partial Opposition to the Government's Motion to Dismiss (# 462) on April 18, 1995, and a Supplemental Brief of Petitioner Mizuno (# 465) on April 28, 1995. The Court will treat these briefs as an Opposition to the Government's Motion to Dismiss Petition (# 449). The Bankruptcy Estates of KI and Ken Mizuno filed its "Reply Brief of the Bankruptcy Estate of Ken Mizuno to 'Supplemental Brief of Petitioner Mizuno'" on May 3, 1995.

## I. Background

Ken International Co., Ltd., ("KI"), a Japanese corporation, developed golf courses and surrounding property in Japan and the United States. Ken Mizuno ("Mizuno"), a Japanese businessman and the Petitioner in the instant matter, owned 100% of the stock in KI during 1987 to April 1992.

From 1988 through 1991, KI engaged in a fraudulent scheme to oversell country club memberships in Japan. Through its agents and co-conspirators, KI falsely represented that only 1830 memberships to the Ibaragi Country Club would be sold, but instead KI sold over 50,000. KI generated approximately 120 billion yen from this fraud scheme, equaling roughly $700,000,000 to $800,000,000 at the time. KI then sent approximately $260,000,000 of the proceeds to the United States, using some of it to purchase property or other assets.

On October 14, 1991, creditors of KI and Mizuno filed two separate petitions in bankruptcy against KI and Mizuno with the 20th Division of the Tokyo District Court (the "Bankruptcy Division"). On April 28, 1992, the Tokyo District Court entered orders declaring that Mizuno and KI should be declared bankrupt pursuant to Paragraph 1 of Article 126 of the Japanese Bankruptcy Act.

Pursuant to Article 142 of the same act, the Tokyo District Court appointed Kengo Ohashi ("Ohashi"), an attorney licensed to practice in Japan, as the trustee or "Administrator" of the KI and Mizuno Bankruptcy Estates.

Mr. Ohashi through his counsel filed Chapter 11 Petitions in Bankruptcy pursuant to § 303 of the United States Bankruptcy Code in the Central District of California on June 19, 1992. Ohashi sought to administer and dispose of Mizuno's and KI's assets in the United States, and to recover assets fraudulently transferred to third parties, such as the Mizuno Family Trust.

Meanwhile, in 1992 the Government commenced an investigation into the activities of KI, Mizuno, and other entities regarding the transfer of funds into the United States. On June 19, 1992, a three-count Indictment was returned against Ken Mizuno alleging that he had violated 18 U.S.C. § 2314 (foreign transportation of fraud proceeds) and 18 U.S.C. § 1956 (money laundering). Mizuno is currently under indictment for tax evasion in Japan.

The transactions described above also formed the basis for an Information returned against KI. After negotiation, KI through Kengo Ohashi entered into a plea memorandum where KI would plead guilty to violations of 18 U.S.C. 2314 (foreign transportation of fraud proceeds), 18 U.S.C. § 1956 (money laundering) and 18 U.S.C. § 1957 (transactions in criminally derived property), and would agree that the money it obtained through fraud in Japan and transferred in the United States, as well as the assets traceable to this money, would be forfeited. Chief Judge Tanaka of the Tokyo District Court approved the Guilty Plea Memorandum though it allowed KI's United States assets to escape distribution to the Japanese taxing authorities. On October 5, 1993, KI, through

Government's Motion to Dismiss the Petition." Mizuno requests leave not to respond to some contentions of the Government as it would mean further violations of the order of the Bankruptcy Court. Mizuno further requests leave to respond to those contentions after the injunction is lifted.

The Court will not grant leave to respond to remaining Government contentions by some future unknown date. The Court will instead treat Mizuno's Partial Brief in Opposition and Mizuno's two Supplemental Briefs (## 462 and 465) as the Opposition to the Government's Motion to Dismiss. While the length of these briefs is in clear violation of Local Rule 140–2, the Court will grant leave to Mizuno to exceed the page limitations.

Kengo Ohashi as Administrator, pled guilty to the three felony charges and the forfeiture charge in the United States District Court for the District of Nevada. The Court accepted KI's guilty plea, waived a pre-sentence report by the United States Probation Office, and imposed sentence pursuant to the plea agreement of the parties.

On November 9, 1994, the Government served notice of the Court's Forfeiture Order dated October 27, 1993, upon Mizuno in Japan. Mizuno then filed the instant Petition for relief from the Forfeiture Order.

## II. Discussion

■ Title 21 of the United States Code, section 853(n)(6) recognizes third party interests in forfeited property. 21 U.S.C. § 853(n)(6) (1994). It protects two categories of petitioners: (1) those with a vested legal right, title, or interest in the property or those with a right, title, or interest superior to a defendant; and (2) those who are bona fide purchasers for value.[2] 21 U.S.C. §§ 853(n)(6)(A) and (B); *see United States v. $20,193.39 United States Currency*, 16 F.3d 344, 346 (9th Cir.1994). The statute instructs courts to amend the forfeiture order if the petitioner demonstrates by a preponderance of the evidence that he is a member of one of the protected categories. 21 U.S.C. § 853(n)(6).

■ To obtain relief, the petitioner must set forth facts in the petition that establish a prima facie case. *United States v. Lavin*, 942 F.2d 177, 179 (3d Cir.1991); *United States v. Campos*, 859 F.2d 1233, 1239 (6th Cir.1988). Indeed, the Court may dismiss

the petition without a hearing if the third party does not set forth all elements necessary for recovery in his petition. *United States v. BCCI Holdings (Luxembourg), S.A.*, 841 F.Supp. 1, 4 (D.D.C.1993) (citing *Campos*, 859 F.2d at 1240; *United States v. Mageean*, 649 F.Supp. 820, 825 (D.Nev.1986), *aff'd without op.*, 822 F.2d 62 (9th Cir.1987); S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad.News 3374, 3391).

### A. Mizuno's claimed interest

■ Mizuno asserts a legal interest in three groups of property that is the subject of the forfeiture order: (1) certain real property;[3] (2) the 1990 Rolls Royce Corniche; and (3) the stock of KI. He petitions the court under 21 U.S.C. § 853(n) for a hearing to adjudicate his interest in the property. Under § 853(n)(3), Mizuno must sign his petition under penalty of perjury and must set forth the following facts: (1) the nature and extent of his right, title, or interest in the property; (2) the time and circumstances of his acquisition of the right, title, or interest in the property; (3) any additional facts supporting his claim; and (4) the relief sought. 21 U.S.C. § 853(n)(3) (1994).

### 1. Real Property

Mizuno claims that at one time he owned, in fee simple, real property which is the subject of the forfeiture order. Mizuno fails to indicate any facts and offer any evidentiary support regarding his interest in the property. Mizuno further fails to indicate any facts and offer any evidentiary support re-

---

**2.** 21 U.S.C. 853(n)(6) states:
(6) If ... the court determines that the petitioner has established by a preponderance of the evidence that—
(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the

property and was at the time of purchase reasonable without cause to believe that the property was subject to forfeiture under this section;
the court shall amend the order of forfeiture in accordance with its determination.

**3.** Mizuno claims an interest in the real properties known as 2437 and 2435 High Vista Circle, Henderson, Nevada; the real properties known as 3001, 3005, 3013, and 3015 Regency Hill, Henderson, Nevada; and the real property known as 42–265 Old Kalanioabole Road, Kailua, Koolaupolo, City and County of Honolulu, Hawaii.

garding the circumstances surrounding his acquisition of the real property.

Indeed, at the time of KI's plea and the Court's Order of Forfeiture, Mizuno had no record interest in any of the properties. The properties known as 2437 and 2435 High Vista Circle, Henderson, NV, were titled in the name of Royal Kenfield, Inc. The properties known as 3005, 3013, and 3015 Regency Hill, Henderson, NV, were also titled in the name of Royal Kenfield, Inc. The property known as 3001 Regency Hill, Henderson, NV, was titled in the name of Las Vegas Indian Wells Country Club, Inc. Finally, the property known as 42–265 Old Kalanianole Road, Honolulu, Hawaii, was titled in the name of Olomana Golf Links, Inc.[4]

Additionally, the filing of a bankruptcy case under § 303 of the Bankruptcy Code creates an Estate which is comprised of all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). When Mr. Ohashi commenced bankruptcy proceedings for Mizuno and KI, all real property owned by Mizuno and KI in the United States became property of the Mizuno Bankruptcy Estate and the KI Estate. *Id. See, e.g., Bradley v. United States (In re Bradley),* 75 B.R. 198, 199 (Bankr.W.D.Va.1987) (debtor's principal residence, as real property, became property of the estate at the commencement of the case under 11 U.S.C. 541(a)).

Furthermore, the Mizuno Bankruptcy Estate brought an adversary action against the Mizuno Family Trust in the Central District of California. On November 18, 1992, the Bankruptcy Court entered a Judgment declaring that

[t]he Bankruptcy Estate of Ken Mizuno is the sole shareholder and shall now own and control 100% of the stock of Indian Wells Country Club, Inc., 100% of the stock of Royal Kenfield Country Club, Inc., 100% of the stock of KM Aviation, Inc., and shall own and control the 2560 shares of the stock of Olomana Golf Links, Inc. originally transferred to the Mizuno Family Trust.

*See* Judgment, attached as Exhibit H to Opposition (# 448). As a result, the right to control the Nevada real properties in issue vested solely in the Mizuno Bankruptcy Estate, under the control of Mr. Ohashi as Administrator.

Mizuno has failed to set forth an interest in the real property in issue. Accordingly, the Court finds that Mizuno has no standing or claim in the real property in issue. *See United States v. Davis,* 724 F.Supp. 268, 269 (S.D.N.Y.1989) (dismissing petition under 18 U.S.C. § 1963(*l*)(3), identical to § 853 here, because it failed to set forth nature and extent of right, title, or interest in property and time and circumstances of acquisition of that right, title, or interest).

Mizuno states in his Petition that he is a bona fide purchaser of the real property in issue. However, Mizuno fails to indicate any facts and offer any evidentiary support that he is a purchaser for value of the interest in the property and that at the time of purchase was without cause to believe that the property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6)(B).

The Court finds that Mizuno has not established by a preponderance of the evidence

---

**4.** In February 1992, Mizuno formed the Mizuno Family Trust and transferred to it without consideration all of the stock of Indian Wells Country Club, Inc.; Royal Kenfield, Inc.; KM Aviation, Inc.; and 2560 shares of Olomana Golf Links, Inc. (the remaining shares of Olomana Golf Links, Inc., were not owned by Mizuno). Concurrent with the formation of the trust, Mizuno quitclaimed his interests in five of the Nevada properties in issue (the properties known as 2437 and 2435 High Vista Circle, Henderson, NV; and the properties known as 3005, 3013, and 3015 Regency Hill, Henderson, NV) to the corporations owned by the trust.

Mizuno never held an interest in the property known as 3001 Regency Hill, Henderson, NV.

That property was conveyed by grant deed from Haroutioum and Elizabeth Asadourian to Las Vegas Indian Wells Country Club, Inc., a Nevada corporation, on January 10, 1991.

Mizuno also never held an interest in the property known as 42–265 Old Kalanianole Road, Kailua, Koolaupoko, City and County of Honolulu, Hawaii. The property was conveyed from Island Title Exchange, Inc., a Hawaii corporation, to Olomana Golf Links, Inc., a Hawaii corporation, on October 25, 1991. The conveyance was recorded with the Bureau of Conveyances, Land Court, State of Hawaii, on October 28, 1991 (Document No. 91–147547).

that he is entitled to the real property in issue. 21 U.S.C. § 853(n)(6). Accordingly, Mizuno is not entitled to any relief with regard to the real property. *See Lavin,* 942 F.2d at 179; *Campos,* 859 F.2d at 1239; *Mageean,* 649 F.Supp. at 825; *Davis,* 724 F.Supp. at 269.

### 2. 1990 Rolls Royce Corniche

Mizuno claims that he is the record owner of the 1990 Rolls Royce Corniche that is the subject of the forfeiture order. While title to this vehicle was issued to Mizuno on June 19, 1990, see Exhibit 14 to Motion to Dismiss (# 449), Mizuno fails to indicate any facts and offer any support regarding his interest in the car. Mizuno further fails to indicate any facts and offer any support regarding the circumstances surrounding his acquisition of the vehicle. Additionally, § 541(a)(1) of the Bankruptcy Code operates to give the Mizuno Bankruptcy Estate all personal property, including the automobile, previously owned by Mizuno. 11 U.S.C. § 541(a)(1); *see In re Cox,* 133 B.R. 198, 200 (Bankr.N.D.Ohio 1991) (automobile is property of the estate as defined in 11 U.S.C. § 541).

Mizuno has failed to set forth an interest in the Rolls Royce. Accordingly, the Court finds that Mizuno has no standing or claim in the property in issue. *See Davis,* 724 F.Supp. at 269.

Mizuno also states in his Petition that he is a bona fide purchaser of the Rolls Royce. However, Mizuno fails to indicate any facts and offer any evidentiary support that he is a purchaser for value of the interest in the property and that at the time of purchase was without cause to believe that the property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6)(B).

The Court finds that Mizuno has not established by a preponderance of the evidence that he is entitled to the automobile in issue. 21 U.S.C. § 853(n)(6). Accordingly, Mizuno is not entitled to any relief with regard to the automobile. *See Lavin,* 942 F.2d at 179; *Campos,* 859 F.2d at 1239; *Mageean,* 649 F.Supp. at 825; *Davis,* 724 F.Supp. at 269.

### 3. KI Stock

Mizuno claims an interest in KI stock. Mizuno fails to indicate any facts and offer any evidentiary support regarding his stock interest. Mizuno further fails to indicate any facts and offer any evidentiary support regarding the circumstances surrounding his stock acquisition. Additionally, § 541(a)(1) of the Bankruptcy Code operates to give the Mizuno Bankruptcy Estate all property, including stock, previously owned by Mizuno. 11 U.S.C. § 541(a)(1); *see, e.g., In re Deak & Co.,* 63 B.R. 422, 427 (Bankr.S.D.N.Y.1986) (under § 541(a), shares of stock controlled by debtor are property of the estate); *In re MacDonald,* 114 B.R. 326, 333–34 (D.Mass. 1990) (property of the estate includes stock in which debtor owned equitable interest); *In re Baker,* 68 B.R. 360, 363 (Bankr.D.Or. 1986) (corporation wholly owned by debtors became asset of estate upon filing of Chapter 11 petition).

Mizuno also states in his Petition that he is a bona fide purchaser of the KI stock. However, Mizuno fails to indicate any facts and offer any evidentiary support that he is a purchaser for value of the interest in the property and that at the time of purchase was without cause to believe that the property was subject to forfeiture. *See* 21 U.S.C. § 853(n)(6)(B).

Mizuno has failed to set forth an interest in the KI stock. Accordingly, the Court finds that Mizuno has no standing, claim, or control over the KI stock. *See Davis,* 724 F.Supp. at 269.

■ The stock itself was not part of the order of forfeiture. However, Mizuno claims that by virtue of his stock ownership, he has an equitable interest and a viable claim in all of the property which is the subject of the forfeiture order. Mizuno cites *Ramirez de Arellano v. Weinberger* for this proposition. *Ramirez de Arellano v. Weinberger,* 745 F.2d 1500, 1516 (D.C.Cir.1984) (en banc) (ownership of stock constitutes specific interest in corporation's property). The Court finds the case cited by Mizuno inapposite to the instant matter. It is clear that stockholders are not creditors of a corporation and are not entitled to any of the assets of a corporation when it becomes insolvent until all other

debts are paid. 15A W. Fletcher, Cyclopedia of the Law of Private Corporations, §§ 7481–7482 (1990). In this case, KI was deemed bankrupt in Japan in 1991, and a bankruptcy proceeding was commenced in the United States in 1992. Accordingly, Mizuno, by virtue of his stock ownership, would not be entitled to any assets of KI until all other debts are paid. Furthermore, because Mizuno, as a debtor, has no property interest in the stock since § 541(a)(1) operates to give all property to the Mizuno Bankruptcy Estate, the Court finds that Mizuno has not set forth a property interest in any property which is the subject of the forfeiture order by virtue of his stock ownership.

The Court finds that Mizuno has not established by a preponderance of the evidence that he is entitled to any property in issue. 21 U.S.C. § 853(n)(6). Accordingly, Mizuno is not entitled to any relief with regard to the property which is the subject of the forfeiture order. *Id.; see Lavin,* 942 F.2d at 179; *Campos,* 859 F.2d at 1239; *Mageean,* 649 F.Supp. at 825; *Davis,* 724 F.Supp. at 269.

**B. Challenges to the Forfeiture Order**

■ Mizuno claims the forfeiture order violates his due process rights because the Government has not established the forfeitability of Mizuno's property interests. However, the Court has already found that the Government met its burden of establishing the forfeitability of the property in issue under 18 U.S.C. § 982(a)(1). Furthermore, a petitioner in a proceeding under § 853(n) has no standing to challenge the forfeitability of the defendant's property other than to assert his own legal interest in the property. 21 U.S.C. § 853(n). Accordingly, the Court finds this contention by Mizuno to be without merit.

Mizuno also asserts that (1) the "findings" with regard to the Guilty Plea Memorandum and plea of KI were impermissibly applied to Mizuno; (2) Mizuno was impermissibly denied a jury trial on the forfeitability of the property; and (3) the order of forfeiture impermissibly disposed of the underlying assets. However, these contentions all consist of challenges to the underlying Guilty Plea Memorandum. Mizuno may not intervene to challenge the underlying Guilty Plea Memorandum or the forfeiture order except as stated in 21 U.S.C. § 853(n). 21 U.S.C. § 853(k) (1994). Accordingly, the Court finds these contentions without merit.

**III. Government's Motion for Final Order as to all Forfeited Assets**

The Government requests that the Court issue a final order as to all forfeited assets under 21 U.S.C. § 853(n)(7). That section states:

> Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of the petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

21 U.S.C. § 853(n)(7) (1994).

The Court has disposed of all petitions filed under this subsection. The time for filing petitions has run. Accordingly, the United States shall have clear title to property that is the subject of the order of forfeiture entered by the Court. 21 U.S.C. § 853(n)(7).

IT IS THEREFORE ORDERED THAT the Petition of Ken Mizuno to Amend the Forfeiture Order of October 27, 1993 and for Other Relief (# 414) is DENIED;

IT IS FURTHER ORDERED THAT the Motion for Leave to File a Partial Brief in Opposition to the Government's Motion to Dismiss and for Leave to Exceed Page Limitations (# 460) filed by Ken Mizuno on April 10, 1995 is DENIED except to the extent as stated herein;

IT IS FURTHER ORDERED THAT the Government's Motion to Dismiss the Petition of Ken Mizuno (# 449) is GRANTED;

IT IS FURTHER ORDERED THAT the Government's Motion for Final Order as to All Forfeited Assets (# 449) is GRANTED;

IT IS FURTHER ORDERED THAT the United States shall have clear title to property that is the subject of the order of forfeiture entered by the Court on October 27,

1993, except for that property that is the subject of Stipulations of Innocent Lienholders or Business Vendors filed and approved in this matter.