Irma GROSSMAN and David Grossman, Plaintiffs-Appellants,

v.

Bernard PEARLMAN, Alan Krumholz and Morris F. Pearlman, Defendants-Appellees.

No. 163, Docket 30054.

United States Court of Appeals Second Circuit.

Argued Nov. 16, 1965.

Decided Dec. 2, 1965.

Irma Grossman and David Grossman, pro se.

Arthur Stoll, New York City, for defendant-appellee Morris F. Pearlman.

Before MEDINA, WATERMAN and FRIENDLY, Circuit Judges.

MEDINA, Circuit Judge:

There are before us two appeals that have been consolidated for the purpose of argument. On both appeals we have heard oral argument by each of the plaintiffs-appellants appearing *pro se*. The first appeal is from an order of Judge Bonsal quashing service of process made on defendant-appellee Morris F. Pearlman. The second appeal is from an order of Judge Wyatt denying a motion, purportedly made pursuant to the provisions of 28 U.S.C. § 1404(a), to transfer an action pending in the New Jersey Superior Court to the District Court for the Southern District of New York and to make it "part of this suit after the change of venue." We affirm both orders, but without costs.

The sequence of events culminating in these two appeals appears to have started when a suit to recover damages for personal injuries was commenced in a New Jersey State Court. Feeling themselves aggrieved by the acts and statements of their attorneys, or those purporting to be such, plaintiffs-appellants brought an action in the Superior Court of New Jersey bearing the same title as the action

in which these appeals are taken, namely "Irma Grossman and David Grossman, Plaintiffs vs. Bernard Pearlman, Alan Krumholz and Morris F. Pearlman, Defendants." It is stated in one of plaintiffs-appellants' affidavits that the New Jersey action against Morris F. Pearlman was dismissed for some fault in pleading. Thereafter, and on June 3, 1965, plaintiffs-appellants filed a new complaint in the District Court for the Southern District of New York alleging substantially the same claims for relief and against the same parties as were sued in the action in the New Jersey Superior Court, with an additional "count" against Morris F. Pearlman.

I

The motion to quash service on Morris F. Pearlman in Jersey City on June 8, 1965 was properly granted by Judge Bonsal. Jurisdiction of subject matter is based upon diversity of citizenship. There is no dispute of the fact that Morris F. Pearlman is domiciled in the State of New Jersey and is a citizen, inhabitant and resident of that State. The provisions of Rule 4(e) of the Federal Rules of Civil Procedure applicable to service of summons on a person not an inhabitant or not found within the state in which the district court is held state:

"Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule."

The New York Civil Practice Law and Rules are explicit. Section 313 provides that service without the state may be made upon a person domiciled within the state or "subject to the jurisdiction of

the courts of the state under section 301 or 302." Section 301 merely precludes an interpretation that there shall be a limitation upon the acquisition of jurisdiction over persons, property or status as previously permitted. Thus the controlling provision is to be found in Section 302, authorizing jurisdiction over the person of a non-domiciliary "as to a cause of action arising from any of the acts enumerated in this section," to wit:

"1. transacts any business within the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. owns, uses or possesses any real property situated within the state."

The charges made in the complaint are plainly stated to have reference to conduct and statements of defendants alleged to have been done or made within the State of New Jersey. There is not the remotest suggestion or hint in the complaint that any of the causes of action alleged arose out of the transaction of any business within the State of New York or out of the ownership, use or possession of any real property within the State of New York. No tortious act is alleged to have been committed by any of the defendants within the State of New York.

It is immaterial that Morris F. Pearlman may have been admitted to practice law in New York. Nor is it of legal consequence on the issue of *in personam* jurisdiction, as appellants contend, that only a few miles separate the State of New Jersey from the State of New York.

## II

■■ On the second appeal we must first dispose of the question of jurisdiction to entertain the appeal even if the parties have not raised the point. Generally speaking orders granting or denying motions for transfers pursuant to the provisions of 28 U.S.C. § 1404(a) are considered interlocutory and not appealable except by resort to mandamus. 28 U.S.C. § 1651. Even then it is necessary to show some extraordinary circumstances. See Lykes Bros. S. S. Co. v. Sugarman, 2 Cir., 1959, 272 F.2d 679; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F. 2d 329, cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624. But the proceeding here is a spurious Section 1404(a) application. Appellants, having commenced their action in a New Jersey State Court, have tried to obtain a "change of venue," as they call it, to a federal court in New York. The very absurdity of this would have been plain to any lawyer, but, as plaintiffs explained to Judge Wyatt at the hearing, they do not wish to have anything to do with lawyers. The fact remains, however, that, taking a realistic view of the matter, unless we hold this order to be appealable, there will never be a time when appellants may test the validity of the order by review in this or any other court. The motion for removal, or transfer or for a "change of venue," or whatever else it may be called, would seem to be a separate proceeding *sui generis*, and it rests on its own bottom, even though in form an appendage to this federal case. In any event, Judge Wyatt's ruling disposes with finality of appellants' effort to move the New Jersey case out of the New Jersey Superior Court. The situation here is, we think, analogous to that in Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. See also, Horizons Titanium Corporation v. Norton Company, 1 Cir., 1961, 290 F.2d 421, 423–424.

■ The motion to transfer was, of course, properly denied. No such procedure is authorized by any statute or rule of court and there seems little likelihood that it ever will be.

Each of the two orders is affirmed, without costs.