**Roselia NIEVES, Plaintiff,**

v.

**AMERICAN AIRLINES, Defendant.**

**No. 87 Civ. 5917 (PKL).**

United States District Court,
S.D. New York.

Nov. 30, 1988.

David M. Lee, New York City (Steven P. Germansky, of counsel), for plaintiff.

Bigham Englar Jones & Houston, New York City (Robert E. Hirsch, of counsel), for defendant.

## OPINION & ORDER

LEISURE, District Judge:

Plaintiff Roselia Nieves, a New York resident, filed a complaint in this Court on August 17, 1987 against American Airlines, a Delaware corporation with its principal place of business in Texas, for injuries resulting from an accident at the Luis Munoz Marin International Airport in Puerto Rico. After bringing this action in New York, plaintiff instituted a second action against American Airlines for the same alleged injuries in the Superior Court of Puerto Rico. The defendant, American Airlines, now moves pursuant to Section 1404(a) of Title 28 of the United States Code for an order transferring this action to Puerto Rico or, alternatively, dismissing the action on *forum non conveniens* grounds.

## FACTUAL BACKGROUND

Plaintiff Roselia Nieves traveled to Puerto Rico to visit relatives. In the Luis Munoz Marin International Airport in Puerto Rico, plaintiff allegedly twisted her knee when the heel of her shoe became stuck in an escalator step. Two accident reports for this injury were filled out, one by "Autoridad de los Puertos de Puerto Rico" ("Port Authority"), which had overall control of the airport facility, the other by a nurse employed by the Port Authority.

After bringing this action in New York, plaintiff instituted a second action against American Airlines for the same alleged injuries in the Superior Court of Puerto Rico. In that action plaintiff also sued the Port Authority and the Commonwealth of Puerto Rico in addition to American Airlines. Affidavit of Robert E. Hirsch, Esq., sworn to on September 30, 1988, ("Hirsch Aff."), Exhibit A.

## DISCUSSION

### 1. *Forum Non Conveniens*

■ A motion to dismiss on *forum non conveniens* grounds rests in the sound discretion of the Court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Farmanfarmaian v. Gulf Oil Corp.*, 588 F.2d 880 (2d Cir.1978). However, since the enactment of § 1404(a) of Title 28 of the United States Code, the courts have universally held that if the forum is found to be inconvenient, the remedy is transfer and not dismissal. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Collins v. American Automobile Insurance Co.*, 230 F.2d 416 (2d Cir.1956); *Chance v. E.I. Du Pont De Nemours & Co.*, 371 F.Supp. 439 (E.D.N.Y.1974) (where transfer to federal districts where accidents occurred is possible, more drastic action of dismissal on *forum non conveniens* grounds is inappropriate). However, if the more convenient forum is a court to which transfer cannot be made, for instance a foreign court, the suit can be dismissed on *forum non conveniens* grounds. *See, e.g., Piper, supra.*

The need for the District Court to retain flexibility in making a *forum non conveniens* determination has been repeatedly emphasized. Consequently, the courts have refused to identify specific circum-

stances which would require either grant or denial of the remedy. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). No "rigid rule [has been laid down] to govern discretion, and [ ] '[e]ach case turns on its facts.'" *Piper*, 454 U.S. at 249, 102 S.Ct. at 262 (*quoting Williams v. Green Bay & Western R. Co.*, 326 U.S. 549, 557, 66 S.Ct. 284, 288, 90 L.Ed. 311 (1946)). "If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." *Piper*, 454 U.S. at 250, 102 S.Ct. at 263. However, defendant has offered no authority for the appropriateness of dismissal in this instance on *forum non conveniens* grounds.[1]

■ The Court notes that "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction...." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96

S.Ct. 1236, 47 L.Ed.2d 483 (1976). A party may bring suit in both a state and federal court.[2] Therefore, the fact that plaintiff has brought a subsequent suit in Puerto Rico, in and of itself, is not grounds for dismissal. The Court finds the doctrine of *forum non conveniens* inapplicable in the case at bar and defendant's motion to dismiss on *forum non conveniens* grounds is hereby denied.

## 2. *Motion to Transfer*

■ Alternatively, defendant has moved to transfer this action to Puerto Rico. The Court notes at the outset that plaintiff does not dispute the fact that she has initiated another action for the same accident against the defendant American Airlines in the Superior Court of Puerto Rico, nor does plaintiff dispute defendant's contention that Puerto Rico is the most convenient forum.[3]

28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

---

1. Defendant has cited two cases for the appropriateness of dismissal under *forum non conveniens* when there is a similar or identical case pending in the state courts. Neither case is dispositive. *See Grossman v. Pearlman*, 353 F.2d 284 (2d Cir.1965), *cert. denied*, 384 U.S. 987, 86 S.Ct. 1887, 16 L.Ed.2d 1004 (1966) (denying a motion, purportedly made pursuant to the provisions of 28 U.S.C. § 1404(a), to transfer an action pending in the New Jersey Superior Court to the District Court for the Southern District of New York and to make it a part of a then pending suit); *Gross v. Owen*, 221 F.2d 94 (D.C.Cir.1955) (dismissing on *forum non conveniens* grounds as transfer was unavailable as federal subject matter jurisdiction was lacking).

2. Where, as here, a federal court properly has subject matter jurisdiction, the Court has a "virtually unflagging obligation" to exercise that jurisdiction, even if an action concerning the same matter is pending in the state court. *Colorado River, supra* 424 U.S. at 817–18, 96 S.Ct. at 1246. This obligation is subject to very limited exceptions, none of which is applicable to this case. *See, e.g., Alliance of American Insurers v. Cuomo*, 854 F.2d 591 (2d Cir.1988) (discussing the various abstention doctrines). Specifically, this case does not amount to "exceptional circumstances" warranting a stay or dismissal. *Colorado River, supra; Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

3. The majority of plaintiff's opposition papers attempts to explain why discovery has not been completed by the Court ordered cut-off date. *See* Affidavit of Steven P. Germansky, Esq., sworn to on October 10, 1988 ("Germansky Aff."). A brief history of this action is informative. On February 22, 1988, this Court ordered all discovery in this action be completed on or before May 22, 1988. The Court indicated that any failure to complete discovery might result in the imposition of sanctions pursuant to Fed. R.Civ.P. 37(b)(2). As of May 13, 1988, discovery in this action had not been completed due to plaintiff's failure to make diligent efforts to complete discovery. Even though plaintiff could offer no legitimate excuse for this lack of diligence, the Court determined not to impose sanctions at that time, instead granting plaintiff one final extension until June 28, 1988. *See* Order, dated May 16, 1988. To date discovery has not been completed in this action. The parties were in the process of discussing the effect of the Puerto Rico action, implicitly agreeing that it was improper and unfair for plaintiff to proceed against American Airlines in both New York and Puerto Rico. Plaintiff repeatedly asserted that the Puerto Rico action was to be discontinued, yet no proof of such discontinuance was forthcoming.

to any other district or division where it might have been brought.

A motion to transfer pursuant to this section rests in the sound discretion of the Court, *Golconda Mining Corp. v. Herlands,* 365 F.2d 856, 857 (2d Cir.1966), and the moving party " 'bears the substantial burden of establishing that transferring this case is in the interest of justice.' " *Motown Record Corp. v. Mary Jane Girls, Inc.,* 660 F.Supp. 174, 175 (S.D.N.Y.1987) (*quoting, CT Chemical (USA), Inc. v. Horizons International, Inc.,* 106 F.R.D. 518, 521 (S.D.N.Y.1985)). The factors relevant to a determination of whether a transfer is warranted include the convenience to parties; the convenience of witnesses; the relative ease of access to sources of proof; the availability of process to compel attendance of witnesses; the cost of obtaining willing witnesses; the practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice. *See, e.g., Designs By Glory, Ltd. v. Manhattan Creative Jewelers, Inc.,* 657 F.Supp. 1257 (S.D.N.Y.1987). The party seeking the transfer must make a clear-cut showing that it is warranted and, generally speaking, unless the balance of convenience weighs clearly in favor of the defendant, the plaintiff's choice of forum should not be disturbed. *Y⁴ Design, Ltd. v. Regensteiner Pub. Enterprises, Inc.,* 428 F.Supp. 1067 (S.D.N.Y.1977). Applying this test to the present case, it is clear American Airlines has made the requisite showing.

■ Although the plaintiff's choice of forum is entitled to some weight, it is given reduced emphasis where, as here, the operative facts upon which the litigation is brought bear little material connection to the chosen forum. *See, e.g., Essex Crane Rental Corp. v. Vic Kirsch Construction Co.,* 486 F.Supp. 529, 537 (S.D.N.Y.1980). In this action the underlying events all occurred in Puerto Rico. American Airlines has a leasehold at the Luis Munoz Marin International Airport. Allegedly there is an indemnification agreement between American Airlines and the Port Authority of Puerto Rico. Germansky Aff. ¶ 18. The issue at trial will be the precise situs of the accident and who had control over that area. Additionally, all of the identified witnesses testifying about the accident formerly, and presently, reside in Puerto Rico. The fact that plaintiff resides in New York is not dispositive. In sum, the center of gravity of the transaction in issue in this case is Puerto Rico.

■ Under the transfer of venue procedure in Section 1404(a), the most significant factor to be considered by this Court, in its exercise of discretion, is the convenience of the party and nonparty witnesses. *See, e.g., Saminsky v. Occidental Petroleum Corp.,* 373 F.Supp. 257, 259 (S.D.N.Y. 1974). As noted above, in this action it is the precise location of the occurrence of the accident which is in issue. Proof of Nieves' claim will rest on whether American Airlines had control of the area at which the accident occurred. The essential witnesses to these facts, except plaintiff herself, are exclusively located in Puerto Rico. Under these circumstances transfer is appropriate. *See, e.g., Computer Horizons Corp. v. Knauer,* 483 F.Supp. 1272, 1273 (S.D.N.Y.1980) (where practically all witnesses having knowledge of relevant issues are located in California, transfer is ordered); *Troyer v. Karcagi,* 488 F.Supp. 1200, 1207 (S.D.N.Y.1980) (where material events and circumstances underlying transaction occurred in Ohio, transfer to Ohio is ordered despite presence of 2 witnesses for plaintiff in New York).

It is apparent that all of the witnesses, except plaintiff, who will testify reside in Puerto Rico. The defendant has specified the key witnesses to be called and the anticipated areas of their testimony is obvious.[4] *See* Hirsch Aff. ¶ ¶ 8, 9; *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Vaughn v. American Basketball Assn.,*

---

[4.] Plaintiff has offered no list of prospective witnesses in opposition to defendant's motion to transfer or dismiss for *forum non conveniens.*

419 F.Supp. 1274 (S.D.N.Y.1976). Although it is the nature of the witnesses testimony rather than their number which is important, *Vaughn*, 419 F.Supp. at 1276–77, the testimony of most of these witnesses seems essential to the determination of the issue. The cost and expense of producing even some of these witnesses in this District would greatly exceed the outlays necessary to litigate in the District of Puerto Rico. Additionally, the fact that a defendant's nonparty witnesses are not subject to compulsory process in this forum is a factor in favor of transfer.[5] *See, e.g., First National City Bank v. Nanz, Inc.*, 437 F.Supp. 184, 189 (S.D.N.Y.1975). All of defendant's witnesses are amenable to compulsory process in the District of Puerto Rico which would not be available if trial was held in this District.

Plaintiff contends that none of the witnesses named by defendant were "eye witnesses." Germansky Aff. ¶ 6. Yet, this bald assertion is belied by the fact that the Accident Report lists two of the defendant's potential witnesses, Justina Cintron and Anthony Melendez, as "witnesses" to the accident. As a central issue in this action will be the precise location of the accident the testimony of these witnesses seems critical.

It is difficult for plaintiff to argue, and she does not, that Puerto Rico is an inconvenient forum, as plaintiff herself has instituted suit in Puerto Rico. Nevertheless, however more convenient to plaintiff, her interest in litigating here does not outweigh that of defendant's five witnesses. Far more than merely shifting the inconveniences from one party to another, refusing to transfer would impose a like inconvenience upon the defendant, although to a higher degree.

Finally, Section 1404(a) provides specifically that the interests of justice should be considered by the Court in exercising its discretion to transfer venue. This factor has been defined to be broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer. *See, e.g., Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967).

Transfer is particularly appropriate where there is a pending lawsuit in the transferee district involving the same facts, transactions, or occurrences.[6] *Berg v. First American Bankshares, Inc.*, 576 F.Supp. 1239 (S.D.N.Y.1983); *Durham Productions v. Sterling Film Portfolio*, 537 F.Supp. 1241 (S.D.N.Y.1982). Transfer of an action to a district where a related case is pending enables more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings, and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest. *Levitt v. State of Maryland Deposit Insurance Fund Corp.*, 643 F.Supp. 1485 (E.D.N.Y.1986) (action transferred to the District of Maryland where state court action was pending).

---

5. Only one witness listed by defendant is an American Airlines employee, Anthony Melendez.

6. There is a "general policy that where two actions embrace the same issues, as a matter of sound judicial administration, the first action should have priority absent special circumstances supporting a different result." *National Patent Development Corp. v. American Hospital Supply*, 616 F.Supp. 114, 117 (S.D.N.Y.1984); *see also Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir.1974). The "first-filed" rule should not be applied to the exclusion of other considerations. *Hammett v. Warner Bros. Pictures, Inc.*, 176 F.2d 145, 150 (2d Cir.1949); *National Patent, supra* at 118. However, priority should not be measured exclusively by which action was filed first but rather in terms of how much progress has been made in the two actions. *See, e.g., Bethlehem Contracting Co. v. Lehrer/McGovern Inc.*, 800 F.2d 325 (2d Cir.1986). As discussed previously, the action before this Court has progressed very slowly, with discovery still not complete well over a year after its filing. In the Puerto Rico action, issue has been joined and discovery is to follow. A mechanical application of the first-filed rule would defeat the goals underlying transfers pursuant to 29 U.S.C. § 1404(a). Where, as here, the accident occurred in Puerto Rico, almost all the witnesses are located in Puerto Rico, and plaintiff herself has filed a separate action against American Airlines in Puerto Rico, the mere fact that the complaint in this action was filed first is insufficient to defeat defendant's motion to transfer.

An application of these principles to the facts of this case leads to the conclusion that the action should be transferred to the District of Puerto Rico. The parties are already involved in litigation in the Puerto Rico state court over the facts and circumstances of this lawsuit. It would be more convenient for the witnesses and less costly for the litigants to litigate this matter in Puerto Rico. Allowing the lawsuit to remain in New York would be wasteful and unnecessarily duplicative.

Furthermore, the problems imposed by the inability to implead potential third-party defendants clearly supports holding the trial in Puerto Rico. *See, e.g., Vassallo v. Niedermeyer*, 495 F.Supp. 757 (S.D.N.Y. 1980). The defendant has persuasively argued that parties located in Puerto Rico ought to be made parties to this suit. These include the Port Authority and the Commonwealth of Puerto Rico. Since the defendant in this action cannot implead these necessary parties it would be unfair to make American Airlines proceed to trial in this forum. This capability of joining third parties in the proposed transferee district, which might be absent in the district from which transfer is sought, is an important consideration in determining whether a transfer is appropriate. *See, e.g., Prentice-Hall Corp. Systems, Inc. v. Insurance Co. of North America*, 81 F.R.D. 477, 481 (S.D.N.Y.1979). These potential defendants could be reached in Puerto Rico and, in fact, have been joined with the instant defendant in a suit currently proceeding in Puerto Rico. Certainly it would be fairer to all parties and less costly if the entire case was presented to one jury with available testimony from all relevant witnesses.

### CONCLUSION

For the foregoing reasons defendant's motion to transfer this action to the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a) is hereby granted.

SO ORDERED.