**LENCCO RACING CO., INC., Plaintiff,**

v.

**ARCTCO, INC., Defendant.**

**LENCCO RACING CO., INC., Plaintiff,**

v.

**James JOLLIFFE, and Micro Belmont Engineering, Defendants.**

**LENCCO RACING CO., INC., Plaintiff,**

v.

**BLACK MAGIC MOTOR SPORTS, INC., Defendant.**

Nos. 96–CV–6362L, 96–CV–6367L and 96–CV–6374L.

United States District Court, W.D. New York.

Feb. 20, 1997.

Martin LuKacher, Harris, Beach & Wilcox, Rochester, NY, for Lencco Racing Co., Inc.

Karl S. Essler, Fix, Spindelman, Brovitz, Turk, Himelein & Shukoff, P.C., Rochester, NY, Albert L. Underhill, Daniel M. Pauly, Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A., Minneapolis, MN, for Arctco Inc.

Stephen Michael O'Neill, Steve Mayka, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, for James Jolliffe, Micro Belmont Engineering.

Stephen B. Salai, Cumpston & Shaw, Rochester, NY, for Black Magic Motor Sports Inc.

*DECISION AND ORDER*

LARIMER, Chief Judge.

Plaintiff, Lencco Racing, Co. ("plaintiff"), alleges that the defendants, James Jolliffe ("Jolliffe"), Micro Belmont Engineering ("Micro"), Black Magic Motor Sports, Inc. ("Black Magic"), and Artco, Inc. ("Artco"), infringed its patent in violation of Title 35 of the United States Code.

Pending before the Court are: (1) Jolliffe and Micro's motion to dismiss for lack of personal jurisdiction and venue; (2) Jolliffe, Micro, Black Magic, and Artco's motions to transfer venue to the Western District of Michigan;[1] and (3) Black Magic's motion for a more definite statement.

**Factual Background**

Plaintiff is a New York corporation with its principal place of business in Hilton, New York. Daniel Berardicurti is its president and sole shareholder. Micro is a business operated by James Jolliffe in Grand Rapids, Michigan. Black Magic and Artco are Minnesota corporations with their principal places of business in Thief River Falls, Minnesota.

Plaintiff is the owner of U.S. Patent No. 5,538,120, entitled "Clutch Bracket Retainer for Torque Sensing Clutch Mechanisms." Apparently, plaintiff uses the patented invention in the manufacture of a snowmobile clutch plate called the "Lightning Shift."

Plaintiff claims that Micro purchased a Lightning Shift in the Summer of 1995, copied it, and began manufacturing it in Michigan. Plaintiff alleges further that Micro sells these infringing products to Black Magic and Artco, who then resell them to their customers.

1. Plaintiff maintains that because Artco, unlike the other defendants, has filed an answer in this case, Artco has waived any defense with respect to venue. This argument is without merit. A 12(b)(3) motion to dismiss for improper venue, which must be filed before the answer, is not the same as a motion to transfer venue, pursuant to 28 U.S.C. § 1404(a). *Blane v. American Inventors Corp.*, 934 F.Supp. 903, 905–06 (M.D.Tenn. 1996). A motion to transfer venue may be made at any time. *Kolko v. Holiday Inns, Inc.*, 672 F.Supp. 713, 716 (S.D.N.Y.1987). Accordingly, Artco's motion is properly before the Court.

### Discussion

### Motions To Transfer Venue

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goal of § 1404(a) is to prevent waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 27, 80 S.Ct. 1470, 1475, 4 L.Ed.2d 1540 (1960).

A motion to transfer rests in the sound discretion of the Court. *Nieves v. American Airlines,* 700 F.Supp. 769, 772 (S.D.N.Y.1988). "The party seeking the transfer must make a clear-cut showing that it is warranted and, generally speaking, unless the balance of convenience weighs clearly in favor of the defendant, the plaintiff's choice of forum should not be disturbed." *Id.*

The inquiry on a motion to transfer is two-fold: first, whether the action sought to be transferred is one that "might have been brought" in the transferee court; and second, whether, considering "the convenience of parties and witnesses" and "the interest of justice," a transfer is appropriate. *United States Fidelity & Guar. Co. v. Republic Drug Co.,* 800 F.Supp. 1076, 1079 (E.D.N.Y.1992); *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 986 (E.D.N.Y.1991). Here, there is no dispute that these actions could have been brought in the Western District of Michigan. Therefore, I turn immediately to a discussion of the second inquiry.

In determining whether a transfer is warranted for "the convenience of the parties and witnesses" and in "the interest of justice," courts generally consider the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *Constitution Reinsurance Corp. v. Stonewall Ins. Co.,* 872 F.Supp. 1247, 1250 (S.D.N.Y.1995); *Cento Group, SPA. v. OroAmerica, Inc.,* 822 F.Supp. 1058, 1060 (S.D.N.Y.1993).

Applying these factors to the instant actions, it is clear that the defendants have made the requisite clear-cut showing that a transfer to the Western District of Michigan is warranted.

#### 1. Location of Relevant Documents, Sources of Proof, and Operative Facts

A major issue in these cases will be whether the clutch plate manufactured by Micro and sold by Black Magic and Artco infringes plaintiff's patented clutch plate. The operative facts surrounding the alleged infringement are all in Grand Rapids, Michigan. Apparently, all the development, testing, research, production, marketing, and sales decision were made in Michigan. Further, the location of the relevant documents, records, other sources of proof, and production facilities are in Michigan. Finally, the bulk of the evidence surrounding the alleged infringement will come directly from Micro's employees in Michigan.

Courts have found that the preferred forum for an infringement claim is in the district where the alleged infringement occurred. *See, e.g., Anadigics, Inc. v. Raytheon Co.,* 903 F.Supp. 615 (S.D.N.Y.1995) (transferring infringement action to Massachusetts, where the acts relating to defendant's alleged infringement occurred); *Boreal Laser, Inc. v. Coherent, Inc.,* 22 U.S.P.Q.2d 1559, 1992 WL 9375 (S.D.N.Y. 1992) (transferring patent infringement action to California, where the alleged infringement occurred and all relevant documents, records, and production facilities were located); *Coloplast A/S v. Amoena Corp.,* 25 U.S.P.Q.2d 1549, 1992 WL 346359 (S.D.N.Y.1992) (transferring patent infringement action to Georgia, where the alleged infringing product was manufactured and sold and all relevant documents, rec-

ords, and production facilities were located); *Volk Corp. v. Art–Pak Clip Art Serv.*, 432 F.Supp. 1179 (S.D.N.Y.1977) (transferring infringement action to California, where defendants and their business records were located and the infringing artwork was printed).

Therefore, the location of the relevant documents, sources of proof, and operative facts all weigh in favor of a transfer.

**2. Convenience of Witnesses and Parties and the Availability of Process**

Courts have held that "[t]he convenience of both the party and non-party witnesses is probably considered the single-most important factor in the analysis of whether a transfer should be granted." *Wine Markets Int'l, Inc. v. Bass,* 939 F.Supp. 178, 183–84 (E.D.N.Y.1996); *Nieves,* 700 F.Supp. at 772. Here, there is really no dispute that the majority of the party witnesses are in Michigan and Minnesota and not New York. Apparently, the only party witness plaintiff would produce at trial is its president and patent inventor, Daniel Berardicurti. Defendants, on the other hand, maintain that they will be required to call several employees as witnesses. Therefore, the convenience of the party witnesses clearly weighs in favor of the transfer. *Hernandez,* 761 F.Supp. 983 (transfer was appropriate where the plaintiff was the only witness in New York and all other witnesses lived in or near Florida); *Nieves,* 700 F.Supp. 769 (transfer was appropriate where all the witnesses, except plaintiff, resided in Puerto Rico).

Further, defendants plan to raise a patent invalidity defense to these lawsuits.[2] The principal witnesses and evidence on this critical issue are located in Michigan. Defendants have identified at least seven third-party witnesses whom they expect to call at trial to testify about the invalidity of plaintiff's patent.[3] Defendants also have provided the Court with affidavits from three of these witnesses, which specifically outline their relevant knowledge concerning the validity of plaintiff's patent. For all these witnesses, Michigan would be a more convenient forum. Further, defendants have indicated that some of these witness may be "unwilling" to testify. Therefore, defendants would be able to compel their attendance at trial (by service of a subpoena) only if these actions went forward in Michigan. Plaintiff, on the other hand, has not identified any third-party witnesses, in New York or elsewhere, who are essential to its case. Accordingly, the convenience of the third-party witnesses and the availability of process also weigh in favor of the transfer.

**3. Plaintiff's Choice of Forum**

This Court has recognized that plaintiff's choice of forum should not be changed lightly and should be accorded substantial weight, particularly when the plaintiff resides in the judicial district where the suit was filed. *Air–Flo M.G. Co. v. Louis Berkman Co.,* 933 F.Supp. 229, 233 (W.D.N.Y.1996). "However, where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance." *Wine Markets,* 939 F.Supp. at

2. A patent is considered invalid if the patented invention was in public use or on sale in this country more than one year prior to the filing date of the patent application. 35 U.S.C. § 102. Moreover, a patent is invalid if the patented invention is merely an obvious variation of devices which were in public use or on sale in this country more than one year prior to the filing date of the patent application. 35 U.S.C. § 103.

3. Plaintiff claims that this invalidity defense is completely without merit, and, therefore, it will be unnecessary for these third-party witnesses to testify. I am aware of no precedent, and plaintiff has not cited any, which requires a Court to address the substantive merits of a defense before considering it on a motion to transfer. In fact, in ruling on motions to transfer, courts routinely consider the defenses that will be raised. *See, e.g., Anadigics,* 903 F.Supp. at 618 ("[R]esolution of the critical defense in this case, whether [defendant's] product is the result of legitimate reverse engineering, revolves around a paper trail that exists, if at all, in Massachusetts."); *Volk Corp.,* 432 F.Supp. at 1182 ("[T]he defendants state that their defense will be based upon a claim that their 'clip art' was copied, in California, from publications bearing no copyright notice. Thus it is apparent that the principal witnesses and evidence on the central issue of this case are located in California.").

183. Further, "plaintiff's choice of forum need not be rigidly adhered to in a patent infringement case when it appears that the balance of convenience tips substantially in the direction of another forum." *Levinson v. Regal Ware, Inc.,* 14 U.S.P.Q.2d 1064, 1989 WL 205724 (D.N.J.1989).

Although this district is plaintiff's residence and choice of forum, I find that the transactions involved here do not have a material relation to this district. Plaintiff attempted to persuade the Court at oral argument that there was a significant connection between the alleged infringement and this district because defendants have sold or offered to sell the infringing product here. Courts have found, however, that where defendants goods are sold in many states, sales alone are not enough to establish a material connection to the forum and override the other factors favoring transfer. *Coloplast A/S,* 25 U.S.P.Q.2d 1549; *Boreal Laser, Inc.,* 22 U.S.P.Q.2d 1559; *Matra et Manurhin v. International Armament Co.,* 628 F.Supp. 1532 (S.D.N.Y.1986).

Further, two defendants have raised significant jurisdictional and venue objections to plaintiff's choice of forum. On their face, these objections appear to have some merit, particularly with respect to one of the defendants. I find that this is also a factor warranting a transfer in this case. In Michigan, all three actions will be able to proceed together—a result which may not be possible if the actions remain in this district.

## 4. Trial Efficiency

Courts have held that the relative docket conditions of the transferor and transferee courts may be considered in determining a motion to transfer. *IBJ Schroder Bank & Trust Co. v. Mellon Bank, N.A.,* 730 F.Supp. 1278, 1282 (S.D.N.Y.1990). The case load of the Western District of Michigan appears to be lower than that of this district. For example, each judge in the Western District of New York has 653 pending case, while each judge in the Western District of Michigan has 288 pending cases. Further, in the Western District of New York, it takes approximately 34 months from the filing of a civil action to trial, whereas in the Western District of Michigan, it takes only 19 months. *1995 Federal Court Management Statistics* 49, 92 (May 1996). These statistics suggest that the actions would be tried sooner in the Western District of Michigan than here. Further, Congress designated the Western District of Michigan as a special test district for a differentiated case management system intended to result in even greater efficiency. Public Law 101–650, § 104(b).

Accordingly, I find that trial efficiency and the interest of justice weigh in favor of a transfer of these actions to the Western District of Michigan.

## Defendants' Other Motions: Motion To Dismiss And Motion For A More Definite Statement

As discussed, defendants have advanced persuasive arguments which convince me that transfer of these actions to the Western District of Michigan is appropriate. The fact that defendants Jolliffe and Micro have moved to dismiss for lack of personal jurisdiction and venue does not preclude this Court from considering and granting the transfer motion.[4]

These cases having now been transferred to the Western District of Michigan, defendants Jolliffe and Micro's motion to dismiss for lack of personal jurisdiction and venue is denied as moot since there is no claim that personal jurisdiction or venue is lacking in the Western District of Michigan.

Finally, it appears more appropriate for the Court in the Western District of Michi-

4. A district court has the power to transfer a case pursuant to 28 U.S.C. § 1404(a) if venue is proper and pursuant to § 1406(a) if venue is improper, regardless of whether there is personal jurisdiction over the defendant. *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir. 1978); *Matra et Manurhin v. International Armament Co.,* 628 F.Supp. 1532, 1534 n. 2 (S.D.N.Y. 1986). "Therefore, where motions to dismiss for lack of personal jurisdiction and venue are joined with a motion to transfer, the transfer motion may be considered first." *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.,* 685 F.Supp. 346, 348 (S.D.N.Y.1988); *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 986 (E.D.N.Y.1991).

gan to decide Black Magic's motion for a more definite statement.[5]

Therefore, Black Magic's motion for a more definite statement is denied without prejudice and with leave to renew in the Western District of Michigan.

## Conclusion

Defendants' motions to transfer venue to the Western District of Michigan in all three actions are granted. The Clerk of the Court for the Western District of New York is directed to transfer all records and all papers in these actions (96–CV–6362L, 96–CV–6367L, 96–CV–6374L) to the Clerk of the Court for the Western District of Michigan.

Defendant Micro and Jolliffe's motion to dismiss for lack of jurisdiction in 96–CV–6367L is denied as moot.

Defendant Black Magic's motion for a more definite statement in 96–CV–6374L is denied without prejudice and with leave to renew in the Western District of Michigan.

IT IS SO ORDERED.

---

**5.** *See Hernandez,* 761 F.Supp. at 992 (After granting defendants' motion to transfer, the court denied plaintiff's motion to strike certain affirmative defenses without prejudice and with leave to renew in the transferee court.); *S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1188 (N.D.Ill.1983) (After ruling that transfer was warranted, the court denied plaintiff's motion for a preliminary injunction, leaving that matter for the transferee court's consideration.).