GIULIANI, S.p.A. and Giuliani USA, Inc., Plaintiffs,

v.

VICKERS, INCORPORATED and Custom Products Corporation, Defendants.

No. 97 Civ. 4997(MGC).

United States District Court, S.D. New York.

March 17, 1998.

McCarter & English, New York City by Theodore D. Moskowitz, Michael D. Siegel, for Plaintiffs.

Brown & Wood LLP, New York City by James J. Sabella, Madeleine J. Dowling, McGrath, North, Mullin & Kratz, P.C., Omaha, NE by John J. Passarelli, James M. Sulentic, Meredith M. Wilkes, for Defendants.

## OPINION AND ORDER

CEDARBAUM, District Judge.

This is an action for a declaratory judgment brought by Giuliani, S.p.A. ("Giuliani"), an Italian corporation, and its wholly-owned subsidiary, Giuliani USA, Inc. ("Giuliani USA"), a New York corporation. Plaintiffs seek a declaration that they have no further obligation with respect to an industrial machine ("the Machine") custom-built in Italy by Giuliani. The Machine was sold by Custom Products Corporation ("CPC"), a Wisconsin corporation, to Vickers, Incorporated ("Vickers"), a Delaware corporation with its principal place of business in Ohio. Vickers operated the Machine at its facility in Omaha, Nebraska.

According to the complaint, Vickers complained that the Machine was not working properly and asserted that plaintiffs have a continuing obligation to repair or replace the Machine, and claimed certain damages for plaintiffs' failure to do so. Plaintiffs allege that Vickers has operated the Machine improperly, and may have damaged it. Plaintiffs also allege that Vickers has failed to mitigate its damages.

Vickers moves pursuant to 28 U.S.C. § 1406(a) to dismiss the action for improper venue, or, in the alternative, pursuant to § 1404(a) and § 1406(a) to transfer the action to the District of Nebraska, where Vickers has filed an action ("the Nebraska Action") against CPC, Giuliani and Giuliani USA for breach of contract and breach of warranties arising out of the sale of the Machine. Giuliani and Giuliani USA move to consolidate the Nebraska Action with this action, or, in the alternative, for an order enjoining Vickers from further prosecution of the Nebraska Action. For the reasons discussed below, Vickers' motion to transfer is granted, and the motion of Giuliani and Giuliani USA is denied.

## DISCUSSION

28 U.S.C. § 1404(a) permits transfer of an action "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1406(a) provides that where venue is improper, an action shall be dismissed, or, "if it be in the interest of justice," transferred to any district in which it could have been brought. Thus, under § 1404(a) a district court has the power to transfer a case to another judicial district in the interest of justice whether or not venue is proper in the transferor district. *Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.*, 685 F.Supp. 346, 348 (S.D.N.Y.1988) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)). However, the court may transfer pursuant to § 1404(a) only if the transferee forum is one where, at the time the suit was brought, the defendants were subject to jurisdiction and venue was proper. *Hoffman v. Blaski*, 363 U.S. 335, 342–343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

■ Among the factors the court should consider in exercising its discretion to transfer venue in the interest of justice pursuant to 28 U.S.C. § 1404(a) are: plaintiff's choice of forum; the convenience of the witnesses and parties; the location of events giving rise to the suit; the relative ease of access to sources of proof; a forum's familiarity with governing law; and trial efficiency. The moving party bears the burden of establishing that the pertinent factors compel a change of forum. To meet this burden, a defendant must show that the relevant factors weigh strongly in favor of transfer. *Ramada Franchise Systems, Inc. v. Cusack Development. Inc.*, 1997 WL 304885, at *3 (S.D.N.Y. June 6, 1997).

■ These factors weigh strongly in favor of trial of this action in Nebraska, not New York. The majority of events giving rise to the suit occurred in Nebraska. Vickers' employees James Grassau and Les Pope submitted affidavits that (1) throughout negotiations for the purchase of the Machine, representatives from CPC and Giuliani came to Omaha; (2) no Vickers representative ever traveled to New York at any time during the negotiations, sale or delivery of the Machine; (3) representatives from CPC and Giuliani came to Omaha to repair the Machine; (4) the Machine is still at Vickers' facility in Omaha; (5) all of Vickers' records detailing the problems experienced with the Machine are located in Omaha; (6) all of Vickers' records of the negotiation, sale and delivery of the Machine are located in Omaha. Other relevant events relating to the parties continuing obligations with respect to the Machine took the form of telephone calls or written correspondence.

In contrast, plaintiffs can point to few connections that this action has to New York. They allege that at some point after the sale of the Machine to Vickers, an agreement was entered into by Vickers, CPC and Giuliani USA concerning the provision of warranty service to Vickers. This agreement was negotiated by telephone and correspondence between Giuliani USA in New York and Vickers in Nebraska. But plaintiffs do not dispute Vickers' representation that no representative of Vickers ever came to New York for any purpose relating to the Machine.

The convenience of witnesses also weighs in favor of Nebraska as the more appropriate forum. Vickers maintains that all of its witnesses who negotiated the purchase of the Machine, operated the machine, and dealt with plaintiffs in connection with repairs of the Machine—at least five people—live and work in Nebraska. It appears that CPC's witnesses live and work in Wisconsin, which is closer to Omaha than it is to New York City. Giuliani's witnesses who live in Italy will be only marginally more inconvenienced if required to travel to Nebraska rather than New York. Plaintiffs point to only two potential witness located in New York, Giuliani USA's Executive Vice President, who undertook "[a]ll of the negotiation, phone calls and faxes concerning the drafting" of the service agreement among Vickers, CPC and Giuliani USA, and Giuliani USA's National Sales Manager, a former CPC employee who was "directly involved" with Vickers' order of the Machine.

Finally, plaintiffs do not contend that New York law governs this action.

The only factor that weighs against transfer is plaintiffs' choice of forum. While New York is the place of residence of one plaintiff, it cannot be seriously argued that any events giving rise to the action occurred here, except insofar as one party to some telephone calls and written correspondence was located in New York. That minimal connection to New York does not outweigh the numerous and substantial connections that this action has to Nebraska, and the significant factors that favor transfer to that forum.

Moreover, it is apparent that this action could have been brought in Nebraska. Vickers is subject to personal jurisdiction in Nebraska because it does business in Nebraska. CPC is subject to personal jurisdiction in Nebraska because, according to the complaint, it sold the Machine to Vickers in Nebraska. *See* Neb.Rev.St. § 25–536 ("[a] court may exercise personal jurisdiction over a person ... [w]ho acts directly or by an agent, as to a cause of action arising from the person ... [c]ontracting to supply services or things in this state"). And, because both

**504**

defendants are subject to personal jurisdiction in Nebraska, venue is proper in Nebraska. *See* 28 U.S.C. § 1391(a)(1), (c).

■ Plaintiffs argue that transfer should be denied because this declaratory judgment action was filed twelve days before Vickers filed the Nebraska Action, and plaintiffs are entitled to the benefit of the "first-filed" rule. This contention is meritless. Transfer of this action to Nebraska in the interest of justice would be appropriate even if there were no related action already pending in that forum. The first-filed rule does not supersede the inquiry into the balance of convenience required under § 1404(a), and a transfer justified under § 1404(a) is proper even if the action to be transferred was filed before a related action was filed in the transferee district. *River Road Int'l. L.P. v. Josephthal Lyon & Ross Inc.,* 871 F.Supp. 210, 214–215 (S.D.N.Y.1995).

### CONCLUSION

The center of gravity of this litigation is in Nebraska: the Machine was sold and delivered to a company in Nebraska and operated and serviced in Nebraska; many witnesses live and work in Nebraska and many documents relevant to the action are in Nebraska. The action has little connection to New York. Because the relevant factors weigh heavily in favor of transfer, this action is transferred in the interest of justice to the District Court of Nebraska. In light of the change of venue, plaintiffs' motion is denied as moot.

SO ORDERED.